IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CARTER BYNUM,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>BEN CURRY, Warden,<br><br>　　　　　Respondent. | No. C 09-2326 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket No. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. Petitioner has filed a motion to proceed *in forma pauperis (*docket no. 2), which is now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after a jury trial in Santa Clara County Superior Court of Second Degree Murder, as well as enhancements for intentional discharge and personal use of a firearm. He was sentenced to 40 years to life in state prison in 2006. Petitioner's appeal to the California Court of Appeal and his petition for review in the California Supreme Court were denied in 2008. Petitioner filed the instant federal habeas petition in this Court on May 27, 2009.

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

Petitioner raises the following ground for relief: 1) the trial court's admission of prejudicial evidence violated his rights to due process and a fair trial; 2) prosecutorial misconduct with regard to witness Bell deprived Petitioner of a fair trial, due process and his right of confrontation; (3) the trial court's failure to instruct on involuntary manslaughter deprived him of a fair trial, his right to trial by jury and due process; (4) the trial court's instruction on "other crimes" evidence deprived him of due process and a fair trial; (5) the trial court's use of CALJIC 2.11.5 violated his rights of confrontation, to due process and a fair trial; (6) the trial court's use of CALJIC 2.21.2 violated his due process rights; (7) admission of trial witness Bell's prior statement violated Petitioner's Sixth Amendment rights; (8) cumulative error; (9) the trial court's refusal to grant a continuance request deprived Petitioner of due process, a fair sentencing and new trial hearing, as well as his right to counsel of his choice; and, (10) the trial court's imposition of a stayed sentence on the second firearm use enhancement violated his due process rights. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on the claims set forth above. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of

the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: October 14, 2009

JEFFREY S. WHITE
United States District Judge

3

|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

JIM CARTER BYNUM,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.
                                       /

Case Number: CV09-02326 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jim Carter Bynum
F12050
P.O. Box 705
Soledad, CA 93960

Dated: October 14, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk